UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 OCT 15 A 10: 15

------------------------------------------------------x
CABLEVISION OF                         :        CIVIL ACTION NO.
CONNECTICUT, LP                        :        3:03 Civ. 0476 (GLG)
                                       :
            Plaintiff,                 :
                                       :
v.                                     :
                                       :
THOEUM TUN and LONG TRAN,              :
                                       :
            Defendants.                :
------------------------------------------------------x

## RECOMMENDED RULING ON DAMAGES
## AS TO DEFENDANT LONG TRAN

### BACKGROUND

Cablevision of Connecticut, Limited Partnership (hereafter "Cablevision" or "Plaintiff") alleges that the named defendants engaged in unauthorized reception of Cablevision's private telecommunications. (Compl. ¶¶ 20,22). Defendants are alleged to have purchased compatible bootleg cable television decoding equipment ("decoders") in order to "descramble" plaintiff's private telecommunications. (Compl. ¶ 20). Consequently, the defendants gained access to Cablevision's private telecommunications without Cablevision's authority and in violation of 47 U.S.C. §553(a) and §605(a). (Compl. ¶ 2).

Cablevision brought suit under 47 U.S.C. §553(a) and §605(a) (the Communications Act of 1934 as amended). (Compl. ¶ 2, 24-29). Plaintiff sought declaratory and injunctive relief as well as monetary damages against the named defendants. (Compl. ¶ 1). Plaintiff has resolved its claim with one of the two defendants. (Stipulation of Partial Discontinuance, Doc. # 9). A default judgment was entered against the second defendant, Mr. Long Tran. (Motion For Default

1

Judgment Against Defendant Long Tran, hereafter "Motion for Default", Doc. # 10). The plaintiff's motion for Default Judgment was granted by District Judge Goettel. The case was subsequently referred to the undersigned for a determination of damages and reasonable attorney fees to be recovered under 47 U.S.C. §605(e)(3)(B)(iii).

The undersigned held a hearing on damages at which the defendant was not present. At the hearing, Cablevision provided evidence of the value of the services accessible by defendant Tran. Cablevision provided two arguments that access to services rather than actual use of the services should be the measure of plaintiff's damages. First, Cablevision charges on an ability-to-view basis, not on an actually-viewed basis. Thus the measure of Cablevision's damages equals what it would have charged Mr. Tran for the type of unlimited access that he procured for himself less any payments Mr. Tran has made for his authorized receipt of cable programming. Second, plaintiff contends that because Mr. Tran defaulted, they were unable to engage in the process of discovery that could have enabled them to determine Mr. Tran's actual use of the decoder. As a consequence, it is not possible to determine how long Mr. Tran received unauthorized programming services subsequent to his purchase of the illegal descrambling equipment. (Affirmation in Support of Motion for Default Judgment Against Defendant Long Tran, hereafter "Affirmation", ¶ 8, Doc. # 10).

Plaintiff elects to receive damages based upon the defendant's violations of 47 U.S.C. §605(a) rather than defendant's violations of 47 U.S.C. §553(a). (Affirmation, ¶¶ 8-9). In addition, plaintiff presented evidence in support of its claim for $1,403 in attorney fees against the defendant. (Affirmation of Services).

The undersigned recommends that plaintiff Cablevision shall be awarded $3,375 in

2

statutory damages and $1,403 in reasonable attorney fees as allowed by §605(e)(3)(C)(i)(II) and §605(e)(3)(B)(iii) respectively.

## DISCUSSION

Once a default judgment is entered, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993). Because the plaintiff's default judgment motion against Mr. Passero was granted, he is deemed to have admitted violating sections 553 and 605 of the Communications Act. The Communications Act prohibits the reception or interception of cable television programming without payment. 47 U.S.C. §553(a)(1), and §605(a); see also, International Cablevision, Inc. v. Sykes, 75 F.3d 123, 133 (2d Cir. 1996)(holding that section 605 applies both to interception of private cable satellite transmission and to interception of the related wire-based distribution of that signal).

In accordance with its statutory rights under 47 U.S.C. §§605(e)(3)(C)(i)(II) and 553(c)(3)(A)(ii), Cablevision has elected to recover money damages against defendant in the form of statutory damages as opposed to actual damages. (Affirmation, ¶ 8). The range of statutory damages for a violation of §605(a) is $1,000 to $10,000. 47 U.S.C. §605(e)(3)(C)(i)(II). For violations of section 553(a)(1), the statutory damages range from $250 to $10,000. 47 U.S.C. §553(c)(3)(A)(ii).

When a court concludes that a defendant's conduct violated both sections 605 and 553, an aggrieved cable operator is entitled to elect to recover damages under section 605 in consideration of the fact that section 605 contains higher damages awards than section 553.

International Cablevision v. Sykes, 997 F.2d 998, 1009 (2d Cir. 1993); International Cablevision v. Sykes and Noel, 75 F.3d 123, 127 (2d Cir. 1996). Cablevision has requested that damages be awarded, in the current matter, based upon violation of §605(a) rather than violation of §553(a). (Affirmation, ¶ 10).

Cablevision has also requested the awarding of reasonable attorney's fees under 47 U.S.C. §605(e)(3)(B)(iii). (Affirmation, ¶ 11). Section 605 provides for the awarding of attorney fees to a prevailing party as follows: "The court . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. §605(e)(3)(B)(iii).

## RECOMMENDED DAMAGES

Based upon the testimony at the hearing on damages and the papers filed by the plaintiff, the Court finds that Cablevision should be awarded damages in the amount of $4,778.

According to plaintiff's witness, Joseph Flaim, the defendant paid for cable services worth approximately $45 per month (the "optimum" tier of services). Defendant had in his possession one unauthorized cable converter that permitted the defendant to access, free of charge, premium channels not included in the optimum tier, as well as pay-per-view movies and events. The defendant used the converter from October 1999 through November 2001. A total of 25 months.

The value of non-pay-per-view cable services is $80 per month. Thus, without including the value of pay-per-view, defendant had access to $80 worth of cable television service for $45 per month. The net additional value is $35 per month. In addition, plaintiff offered evidence that the defendant would have had access to approximately $400 per month worth of pay-per-view

shows. However, the plaintiff seeks only to recover the reasonable value of the unauthorized pay-per-view service, which is valued at $100 per month. Thus, the value of defendant's additional, unauthorized services is $135 per month for 25 months, which equals a total value of $3,375.

Section 605(e)(C)(i)(II) permits an award of no less than $1,000 and no more than $10,000. Given that range, the defendant is liable for damages in the amount of $3,375 in light of the evidence presented in this case for his violation of §605(a).

Plaintiff has filed a request for attorneys' fees as a prevailing party that reflects a reasonable sum total of plaintiff's attorneys' fees incurred in prosecuting this action. The sum total of plaintiff's attorney's fees incurred in prosecuting this action against Mr. Tran is $1,403. (<u>Affirmation of Services</u>, ¶ 11). The Court awards attorneys' fees in the amount of $1,403.

The undersigned recommends that judgment in the amount of $4,778 be entered in favor of the plaintiff.

## CONCLUSION

Any objections to this recommended ruling must be filed with the Clerk of the Court within ten (10) days of the receipt of this order. Failure to object within ten (10) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; D. Conn. L. Civ. R. 2 for Magistrate Judges; FDIC v. Hillcrest Assocs., 66 F.3d 566, 569 (2d Cir. 1995).

So ordered this 15th day of October 2003, at Bridgeport, Connecticut.

_____
William I. Garfinkel
United States Magistrate Judge